[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11130
Non-Argument Calendar
_____

D.C. Docket No. 2:18-cv-00477-MHT-GMB

DOREN T. WATKINS,
Registered Nurse, Nurse Supervisor,

Plaintiff–Appellant,

versus

ALABAMA DEPARTMENT OF PUBLIC HEALTH,
a.k.a. Montgomery County Health Department,

Defendant–Appellee,

SCOTT HARRIS,
Dr., et al.,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(October 18, 2019)

Before TJOFLAT, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Doren Watkins, proceeding *pro se*, filed a lawsuit against her employer, the Alabama Department of Public Health ("ADPH"), alleging retaliation and hostile-work-environment claims under Title VII. After she twice amended her complaint, a magistrate judge prepared a report recommending that the district court grant ADPH's motion to dismiss for failure to state a plausible claim to relief. The district court adopted the magistrate judge's recommendation over Watkins's objections and dismissed the action. Watkins now appeals, arguing that the court erred by relying on the magistrate judge's report, which, in Watkins's view, inaccurately presented her factual allegations and cited to "sections of filings that don't exist." After careful review, we affirm.

We review *de novo* the district court's grant of a motion to dismiss for failure to state a claim. *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, accepted as true, states a claim for relief that is plausible on its face." *Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1253 (11th Cir. 2017). We liberally construe the filings of *pro se* parties. *Id.*

In a report recommending dismissal of Watkins's second amended complaint, the magistrate judge thoroughly summarized Watkins's factual allegations. We

2

briefly review the allegations here.  Broadly speaking, Watkins is a nurse who alleges that she "began to receive numerous frivolous reprimands" and was subject to "unfair treatment" by her superiors, which has escalated over time, after she filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") in 2004.

Watkins's second amended complaint focuses on three incidents in particular. First, she alleges that on July 15, 2015, she was given a frivolous reprimand for refusing to administer intravenous treatment to a tuberculosis patient, at the direction of the former State Nursing Director, John Hankins, because the treatment was outside her training and knowledge.  She grieved the reprimand, explaining that she should not have been disciplined for following protocol and acting justifiably in the patient's best interest.  But as a result of the reprimand, she was taken off certain work duties, and the incident caused her to receive an "unsatisfactory" rating for "Compliance with Rules" during her performance appraisal in November 2015.

Second, Watkins alleges that on July 31, 2017, she received another frivolous reprimand for failing to promptly notify her superiors that other employees had cheated on an exam.  In fact, according to Watkins, she notified her supervisor of the cheating the day after she found out.  Two of her supervisors then attempted to coerce her into signing the reprimand by threatening her with further disciplinary action.  Watkins reported her supervisors for failing to follow proper disciplinary

3

procedures and fabricating disciplinary documents, but nothing came of it.  Of the three individuals involved in the cheating incident, one was fired and one was allowed to resign, but one was promoted.  Watkins believes that ADPH promoted one of the cheaters, an African-American woman, to have a defense against any discrimination claim later brought by Watkins, who is also African-American.

Third, Watkins alleges that she was prevented from filing comments in opposition to a poor performance appraisal she received from her supervisors in November 2017, before that document was sent to the state personnel department. Watkins believes that the individuals involved—including supervisors about whom she had previously complained—intended to place a disparaging appraisal in her file without giving her an opportunity to respond.

Watkins claims that, as a result of the frivolous reprimands, her standing in the "merit ranking has taken a substantial hit," and she has consistently been passed over for promotions.  Additionally, the poor performance evaluations have negatively impacted the raises she received.

Analyzing these facts, the magistrate judge recommended that Watkins's second amended complaint be dismissed.  The magistrate judge concluded, in relevant part, that (1) any retaliation claim based on the July 2015 reprimand was time-barred; (2) the record contained no evidence that any retaliation within the actionable time period was causally connected to the 2004 EEOC charge; and

4

(3) Watkins's claim of a retaliatory hostile work environment likewise failed for lack of proof of causation.  The district court agreed and dismissed the action.

On appeal, Watkins does not challenge the specific reasons offered for dismissing her Title VII claims.  Instead, the only argument she presents is that "[b]y basing its decision on inaccurate facts that were presented by the Magistrate Judge in the Report and Recommendation, the Court erred in making its ruling to grant the defendant's motion to dismiss."[1]  Accordingly, we must conclude that, despite the liberal reading we afford *pro se* filings, she has abandoned any challenge to the district court's reasons for dismissing her claims.  *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("[I]ssues not briefed on appeal by a *pro se* litigant are deemed abandoned.").

In support of her sole argument on appeal, Watkins lists 24 allegedly erroneous citations contained within the magistrate judge's report and recommendation.  For all but two of the alleged errors, Watkins claims that "[t]he reference cited" by the magistrate judge for a specific factual statement "does not exist."  As to the other alleged errors, Watkins claims that, contrary to the report and

_____

[1] Watkins arguably abandoned any challenge along these lines when she failed to object to the report and recommendation on this ground before the district court.  *See* 11th Cir. R. 3-1 ("A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation . . . waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.").  At best, we would review for plain error, but the district court did not err, plainly or otherwise.

recommendation, "John Hankins did not reprimand the Plaintiff nor did the Plaintiff name[] John Hankins" and that she made "no mention of the result of [her] 2004 EEOC complaint filing."

Here, the district court did not err by relying on the magistrate judge's report and recommendation. First, while the report incorrectly identifies Hankins—who was clearly named in the second amended complaint—as involved in Watkins's reprimand, that fact does not alter the conclusion that Watkins failed to establish a causal connection between any retaliation and her 2004 EEOC charge. Second, contrary to Watkins's assertion, she alleged the result of her 2004 EEOC charge on page 3 of her second amended complaint: "[T]he racial discrimination claim that I filed in 2004 did not end favorably for me." Finally, as to the remaining 22 alleged errors, we have checked each of the disputed citations and find the magistrate judge's presentation of Watkins's factual allegations to be both accurate and thorough. It appears that Watkins may be confused by the magistrate judge's citation format. In citing to "Doc. 25 at 2," for example, the magistrate judge was referring to page 2 of Watkins's second amended complaint, which was the 25th document entered on the district court's docket. Likewise, "Doc. 26 at 12" refers to page 12 of ADPH's motion to dismiss that complaint, the 26th docket entry. In sum, Watkins has not shown that the district court erred in dismissing her lawsuit.

**AFFIRMED**.